FILED & ENTERED

JUN 05 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re: | Case No.: | 2:25-bk-14178-NB |
|---|---|---|
| Deloris Anne Prewiitt, | Chapter: | 7 |
| Debtor(s) | **ORDER DENYING DEBTOR'S MOTION FOR AN ORDER IMPOSING SANCTIONS FOR ALLEGED VIOLATION OF THE AUTOMATIC STAY** | |
| | [No hearing held] | |

This Court has reviewed Debtor's "Motion for Sanction-Violation of Stay" (dkt. 18, "Stay Violation Motion"), which seeks rescission of a foreclosure sale and an award of actual and punitive damages, among other things, based on alleged violations of the automatic stay. For the reasons set forth below, this order denies the motion without a hearing.

**1. Background**

On July 25, 2024, Debtor filed a chapter 13 bankruptcy case. *See In re Deloris Anne Prewitt*, Case No. 2:24-bk-15899-NB (the "First BK Case"). On August 12, 2024, the Clerk of the Court issued an order dismissing the First BK Case based on Debtor's failure to timely file all mandatory case commencement documents. Dkt. 10.

On November 5, 2024, Debtor filed a second chapter 13 bankruptcy case. *See In re Deloris Anne Prewitt*, Case No. 2:24-bk-19105-NB (the "Second BK Case"). On March 12, 2025, the Clerk of the Court issued an order dismissing the Second BK Case based on this Court's findings and conclusions made at the confirmation hearing in the Second BK Case. Dkt. 28.

On May 19, 2025, Debtor filed this current chapter 7 bankruptcy case.

On June 3, 2025, Debtor filed the Stay Violation Motion alleging that "[u]pon filing the bankruptcy petition, the 'Automatic Stay' went into effect, pursuant to USC Rule 362(a)" and that "[d]espite the automatic stay, Western Progressive Trustee Services and NewRez Mortgage Servicing and PPH Mortgage and Good Neighbor Homes LLC initiated an action and continued with foreclosure proceedings." Stay Violation Motion (dkt. 18), p. 1:21-26. Debtor further alleges that "[e]ach creditor had knowledge of [this] bankruptcy filing" and that by continuing with the foreclosure sale the foreclosing creditors violated the automatic stay in this case. *Id.* pp. 1:24-3:10.

**2. Analysis**

Section 362(c)(4) prevents the automatic stay from taking effect in a case filed by a debtor who has had two or more prior cases dismissed within the year preceding the filing of the bankruptcy petition, with limited exception not applicable in this case. 11 U.S.C. § 362(c)(4)(A)(i). Because the First BK Case and Second BK Case were dismissed within one year prior to the filing of this current bankruptcy case, the automatic stay did not go into effect when Debtor filed this case. Accordingly, Debtor cannot show that any action taken by a creditor post-petition was in violation of the automatic stay under 11 U.S.C. § 362(a) so there is no relief this Court can grant her in connection with the Stay Violation Motion.

//

**3. Conclusion**

For the reasons set forth above, it is hereby ORDERED that the Stay Violation Motion is denied.

###

Date: June 5, 2025

Neil W. Bason
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

<u>Debtor</u>
Deloris Anne Prewiitt
aka Deloris Anne Prewitt
11619 S. Simms Ave
Inglewood, CA 90303

☐ Service information continued on attached page

Date:    6/5/2025        Signature:        /s/ Sharon Sumlin
                         Deputy Clerk [*printed name*]:    Sharon Sumlin